UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
98-CR-177(JMR)
00-CV-2374(JMR/JMM)

United States of America )
 )
v. ) ORDER
 )
Eugene Wilson )

Petitioner seeks to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Petitioner further moves to amend his petition to add an additional issue and to seek appointment of counsel.

The Court grants petitioner's motion to amend his petition. Having granted this motion, and having considered petitioner's additional issue, the Court still finds no basis upon which to grant the relief he seeks. As a result, petitioner's § 2255 motion and request for appointment of counsel is denied.

I. Facts and Contentions

Petitioner's first claim is that his October 13, 1998, guilty plea of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924e(1), was involuntary and unintelligent. He claims this defective plea resulted from ineffective assistance of counsel. Mr. Wilson claims his attorney lied to him regarding eyewitness testimony, fingerprints found on the gun, and the effect of the aggravated assault charge on his sentence. According to petitioner, had his attorney not lied, he would not have pleaded guilty. To this assertion, petitioner added

FILED JUL 26 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

an additional issue, claiming the Court unlawfully applied U.S.S.G. § 2K2.1(b)(5) for use or possession of a firearm in connection with another felony offense.

The government asserts petitioner's guilty plea was knowingly and intelligently made, and in exchange for the guilty plea, the United States agreed not to seek an upward departure from the applicable guideline range. Beyond this, the government recommended that the Court grant a credit for acceptance of responsibility and sentence petitioner at the low end of the applicable guideline range.

The plea agreement contemplated a guideline range of 188-235 months imprisonment. In the agreement, the petitioner waived his right to a trial on the question of guilt and to any issues raised or not raised by pre-trial motion. See Plea Agreement, at 4. On March 22, 1999, petitioner was sentenced to 180 months.

On appeal, petitioner argued that the Court improperly applied the §2K2.1(b)(5) enhancement, and that his plea was involuntary and unintelligent and caused, at least in part, by his attorney's coercion. Petitioner also claimed his indictment was insufficient.

The United States Court of Appeals for the Eighth Circuit affirmed the judgment of this Court, finding petitioner's challenge to his sentence was moot. It made this determination after recognizing that, had the appeal been upheld, petitioner would have been subject to a higher base offense level through the application of the armed-career-criminal guideline, or would otherwise have

been subject to a guideline range of 180-210 months due to his classification as a career criminal pursuant to § 924(e). United States v. Wilson, 1999 WL 980941 (8th Cir. 1999). Petitioner's sentence fell at the absolute bottom of this range; therefore, his appeal was moot. Id.

The Eighth Circuit explicitly recognized that petitioner had "knowingly, intelligently, and voluntarily pleaded guilty." Id. Additionally, the Circuit Court conducted a review of the record for any non-frivolous issues and found none. See Penson v. Ohio, 488 U.S. 75, 80 (1988).

II. Analysis

Petitioner's claim that his plea was involuntary and unintelligent is unavailing. The sufficiency of his plea, having been considered and previously determined by the Eighth Circuit, cannot be relitigated in a § 2255 motion. See Wilson, at *1; Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam) (holding claims raised and considered on direct appeal cannot be relitigated in a § 2255 motion).

Petitioner next claims this Court improperly applied the § 2K2.1(b)(5) sentence enhancement because, among other reasons, he was improperly indicted. This argument also fails. As an initial matter, petitioner waived any objections to his sentence when he accepted the benefit of the plea agreement. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (holding the defendant is bound to the deal he bargained for). Here, petitioner

agreed to a 188 - 235 month guideline range in the plea bargain. The 180-month sentence imposed falls below the range to which he had agreed.

Additionally, it is recognized that, absent exceptional circumstances, challenges to the indictment cannot normally be raised in a § 2255 motion. See Little v. United States, 524 F.2d 335, 336 (8th Cir. 1975); Houser v. United States, 508 F.2d 509 (8th Cir. 1974) (holding defects in the indictment, absent exceptional circumstances, are not cognizable in a § 2255 petition). Petitioner has not shown any exceptional circumstances.

More importantly, however, the Eighth Circuit has already found petitioner's argument concerning the sentence enhancement and insufficient indictment claim moot. Wilson, at *1. The Court held that petitioner was subject to the armed-career-criminal guideline, and would effectively have received the same sentencing range even absent the 2K2.1(b)(5) enhancement. Id. The Court further determined that, even if there had been no armed-career-criminal guideline enhancement, the sentencing range would have remained the same as a result of petitioner's classification as a career offender under 18 U.S.C. § 924(e). Id. Each of these claims was raised and decided on direct appeal; they may not be relitigated in a § 2255 action. See Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam) (holding claims raised and considered on direct appeal cannot be relitigated in a § 2255 motion).

Petitioner next complains of ineffective assistance of

counsel. He raised this issue previously in his pro se supplemental appellant brief, claiming his attorney coerced him into pleading guilty and forced him to enter an involuntary plea. Petitioner's claim of ineffective assistance of counsel fails.

As an initial matter, petitioner is precluded from raising an issue in a § 2255 motion that he failed to raise in his direct appeal, unless he demonstrates cause and actual prejudice from the alleged error or establishes actual innocence. Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997); Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000).

Petitioner has not demonstrated actual prejudice or innocence. He suggests that he did not raise the claim of ineffective counsel because he was being represented by the allegedly ineffective attorney. This position is unavailing.

Regardless, to prevail on a claim of ineffective assistance of counsel, petitioner must show his attorney's performance was so deficient that he suffered prejudice as a result of the poor performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). See also Hill v. Lockhart,, 474 U.S. 52, 56 (1985) (holding the Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel). To establish prejudice, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different," id. at 694, and that he would have prevailed on at least one of the issues had they been

raised by his attorney. Kitt v. Clarke, 931 F.2d 1246, 1249 (8th Cir. 1991).

A court's review of counsel's performance is highly deferential. Strickland, 466 U.S. at 689. Petitioner must show that his representation fell below an objective standard of reasonableness, and that but for counsel's errors, he would have insisted on going to trial rather than plead guilty. Blalock v. A. L. Lockhart, 977 F.2d 1255, 1257 (8th Cir. 1992) (citing Hill v. Lockhart, 474 U.S. 52 (1985)). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id.

First, petitioner contends that his counsel misinformed him about eyewitness testimony, and that his fingerprints were found on the gun. Next, petitioner contends that his attorney failed to inform him of the effect of the aggravated assault charge on his sentence, along with assuring petitioner that he would get no more than 125 months. Petitioner offers no evidence to support these assertions. Further, he has not demonstrated how he was prejudiced in any way. Conclusory allegations are not sufficient to rebut the strong presumption of counsel's competence. See Estes v. U.S., 883 F.2d 645, 647 (8th Cir. 1989).

Additionally, the plea agreement stipulates that petitioner waived any challenges to the sufficiency of the evidence and question of his guilt. See Plea Agreement at 4. He was reminded of that fact during his hearing. See Plea Tr., 17:8-12 (stating

that while the petitioner might appeal his actual sentence, "you will not be permitted to go to the court of appeals and tell 'em you're not guilty. You understand that? A: Yes.").

Even if the petitioner's attorney misinformed him regarding the nature and effect of the plea agreement, the petitioner clearly understood the effect of pleading guilty. Id. The Court also specifically examined the petitioner as to the factual basis of the plea. After reciting the facts of the offensive conduct, the petitioner, under oath, acknowledged his guilt, stating "Yeah, yes, I did possess it...a long-barreled, silver .22 caliber." Plea Tr. 21:3-12. Further, the petitioner admitted that he knew he had been convicted of a felony and that he was not supposed to have a firearm. See id. at 24:13-25. Beyond this, the Court specifically inquired into both the statutory maximums and the sentence which might be imposed in light of the plea. Id. At 14.10-25; 15; 1-25.

Moreover, petitioner was specifically asked if he was satisfied with his attorney's work and answered affirmatively. See Plea Tr. 6:6-25. The petitioner was free to state otherwise. Petitioner, when asked whether he was entering into a guilty plea in order to get as little time as possible, stated he was pleading guilty because, "Well, I'm looking to own up to my responsibilities." Plea Tr. 18:23.

Reviewing these facts and contrasting them to the bald assertions contained in petitioner's § 2255 petition, the Court holds that the evidence overwhelmingly supports the conclusion that

petitioner voluntarily and intelligently entered his plea and the preceding plea agreement. Petitioner has failed to demonstrate any showing of ineffective assistance of counsel, and has shown no basis upon which to appoint counsel in this proceeding.

Therefore, based on the findings of fact, conclusions of law, all the files and records, and for the reasons stated herein, IT IS ORDERED THAT:

1. Petitioner's motion to amend his § 2255 is granted. [Docket #60].
2. Petitioner's § 2255 motion to vacate, set aside, or correct his sentence is denied. [Docket #58].
3. Petitioner's motion to appoint counsel is denied. [Docket #59].

Dated: July 25th, 2001

JAMES M. ROSENBAUM
United States District Judge